UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 5:09-cr-2720 |
| | § | |
| VICTOR RAUL ALVARADO-ACEVES | § | |
| | § | |

MEMORANDUM AND ORDER

Pending before the Court is the Motion to Dismiss of Defendant (Doc. No. 30).

For the following reasons, Defendant's Motion shall be denied.

I.      BACKGROUND

A.      Factual Background

One June 28, 1997, Defendant was convicted of sexual assault of a child in Webb

County, Texas. He was sentenced for the offense on April 20, 2000. After being

deported, Defendant, by his own admission, illegally returned the United States on

September 20, 2007 by wading across the Rio Grande River near Laredo, Texas. He was

apprehended by United States Border Patrol on August 31, 2009. The indictment in this

case contains only one count: On August 31, 2009, Defendant failed to register under the

Sex Offender Notification Act ("SORNA") and traveled in interstate and foreign

commerce, in violation of 18 U.S.C. Section 2250.

B.      Regulatory Background

On July 27, 2006, the United States Congress enacted SORNA.  SORNA provides

that a person convicted as a sex offender under federal law, who travels in interstate

commerce, and who "knowingly fails to register or update a registration as required by

the Sex Offender Registration and Notification Act [;] shall be fined under this title or

imprisoned not more than 10 years, or both." 18 U.S.C. § 2250(a). On February 28, 2007, the United States Attorney General issued an emergency regulation stating that SORNA's requirements "apply to all sex offenders, including sex offenders convicted for the offense for which registration is required prior to the enactment of that Act" (the "Regulation"). 28 C.F.R. § 72.3 (2007). The Regulation took effect immediately, with no thirty-day waiting period. The Attorney General then published proposed SORNA guidelines for notice and comment on May 30, 2007. Notice and comment ended on August 1, 2007.   The final SORNA guidelines, including the retroactivity provision discussed above, became effective on July 2, 2008. The Nat'l Guidelines for Sex Offender Registration and Notification, 73 Fed. Reg. 38030, 38031 (July 2, 2008).

Defendant now moves to dismiss the government's indictment. Defendant alleges that in enacting 28 C.F.R. Section 72.3 in February 2007, making SORNA applicable to sex offenders convicted before SORNA's enactment, the Attorney General failed to comply with the notice and comment requirements of the Administrative Procedures Act ("APA"), 5 U.S.C. § 553.[1]

## II.     LEGAL STANDARD

---

[1] Defendant also moves this Court to dismiss the indictment because SORNA and 42 U.S.C. Section 16913 violate the United States Constitution in that:

   (1)  Congress went beyond its power granted by the Commerce Clause in enacting these statutes;
   (2)  The statutes violate the Due Process Clause because they do not require notice to sex offenders released before SORNA's enactment of the requirement to register under SORNA or of its penalty provision; and
   (3)  Congress impermissibly delegated its legislative authority to the executive branch in allowing the Attorney General to determine whether SORNA applied retroactively to sex offenders convicted before SORNA's enactment.

Defendant concedes that these latter three grounds for dismissal are foreclosed by *United States v. Whaley*, 577 F.3d 254 (5th Cir. 2009), but raises them in order to preserve them for further review. The *Whaley* court held that SORNA did not violate the Commerce Clause, SORNA did not violate defendant's Due Process rights because he had notice of his duty to register under state law, and that Congress did not violate principles of non-delegation in SORNA because the statute enacted by Congress provides an intelligible limiting principle to the Attorney General. *Whaley*, 577 F.3d at 258-263.

An agency can dispense with the notice and comment requirements of the APA if, for good cause, notice and comment would be impracticable, unnecessary, or contrary to the public interest. 5 U.S.C. § 553(b)(B). An agency may also dispense with the requirement that publication of a substantive rule should be made no less than thirty days before its effective date for "good cause found and published with the rule." 5. U.S.C. § 553(d)(3). The good cause exception is "narrowly construed and only reluctantly countenanced." *Util. Solid Waste Activities Group v. EPA*, 236 F.3d 749, 754 (D.C. Cir. 2001) (quoting *Tenn. Gas Pipeline Co. V. FERC*, 969 F.2d 1141, 1144 (D.C. Cir. 1992)). The notice and comment requirement could be contrary to the public interest if it impedes timely implementation of a statute as specifically required by that statute. *See American Transfer & Storage Co. v. I.C.C.*, 719 F.2d 1283, 1293-94 (5th Cir. 1983) (finding there was good cause to dispense with notice and comment of interim rules where reforms mandated by the Motor Carrier Act of 1980 became effective immediately without a transition period for implementation); *Philadelphia Citizens in Action v. Schweiker*, 669 F.2d 877, 882-84 (3d Cir. 1982) (finding good cause to dispense with notice and comment where Omnibus Budget Reconciliation Act amendments enacted by Congress became effective by statute on a specific date, shortly after enactment).

## III.    CIRCUIT SPLIT ON THE ISSUE OF GOOD CAUSE

There appears to be a Circuit split on the issue of whether the Attorney General had good cause to dispense with notice and comment and the thirty-day waiting period when promulgating the Regulation. The first Circuit to consider whether the Regulation complies with the APA rejected the defendant's challenge. In *United States v. Gould*, 568 F.3d 459, 469-70 (4th Cir. 2009), the court considered the Attorney General's

3

explanation for the emergency promulgation and found there was a need for legal certainty as to the applicability of SORNA, and that delay could have placed public safety at risk. The court also pointed out that the Attorney General did eventually accept notice and comment on the SORNA regulations, including the issues of retroactive application. *Id*. The Fourth Circuit accordingly concluded that the Attorney General had good cause to dispense with APA requirements and rejected the defendant's challenge to the indictment on the basis of APA violations. Notably, the overwhelming number of district courts who have considered this question have cited *Gould* and also held that the Attorney General did not violate the APA in promulgating the emergency SORNA Regulation.[2]

However, in the recent case of *United States v. Cain*, 583 F.3d 408 (6th Cir. 2009), the primary case relied upon by the Defendant, the Sixth Circuit rejected the position advocated by the Attorney General that the dispensation of the normal notice and comment period was "necessary to eliminate any possible uncertainty" as to the applicability of SORNA. The court there reasoned that Congress themselves, in enacting SORNA, chose to delegate the issue of retroactivity to the Attorney General rather than creating the rule themselves, thereby implicitly acknowledging that some period of uncertainty and delay would follow. *Cain*, 583 F.3d at 421. The court also found that SORNA did not present the kind of safety emergency that some courts have relied upon to find just cause to bypass notice and comment. *Id*. at 422. The court's opinion emphasizes the fact that the Regulation imposes a new obligation on pain of severe

---

[2] *See, e.g.*, *United States v. Santana,* 584 F. Supp. 2d 941, 954 (W.D. Tex. 2008); *U.S. v. Reeder*, 2008 WL 4790114, at *11 (W.D. Tex. 2008); *U.S. v. Coleman*, 2009 WL 4255545, at * 2 (E.D. Ky. 2009); *U.S. v. Stock*, 2009 WL 2905929, at *14 (E.D. Tenn. 2009); *U.S. v. Waddle*, 2009 WL 1813641, at *2 (D. Neb. 2009); *U.S. v. Watchman*, 2009 WL 464995, at *6 (D. Ariz. 2009); *U.S. v. Robinson*, 2008 WL 4086474, at *9 (S.D. Ga. 2008).

criminal sanctions, reinforcing the need for statutorily-imposed procedural protections. *Id*. Accordingly, the *Cain* court also held, in a separate section, that the Attorney General's statement of reasons with respect to dispensation of the thirty-day advanced notice requirement was inadequate. *Id*. at 423-24. The court ultimately dismissed the indictment due to the Attorney General's failure to allow public participation in, and give advance notice of, the Regulation. *Id*. at 424.

The *Cain* court discussed the contrary holding in *Gould* that the Attorney General did have good cause to promulgate the regulation, but rejected its APA analysis as "weak" and "cursory". *Id.* at 422. Notably, however, in *Cain*, the period of time listed in the indictment for violation of SORNA was within thirty days of the promulgation of the Attorney General's emergency Regulation, well before the post-promulgation notice and comment and issuance of the final guidelines. Indeed, the *Cain* court repeatedly recognizes this chronological fact in its holding that the Regulation, as violative of the APA, could not apply as to the defendant. Accordingly, the *Cain* court explicitly took "no position on whether a conviction based on failure to register after the close of the comment period would be invalid" and no position on whether its holding would apply "for a defendant who failed to register during a period more than thirty days after publication of the [R]egulation." *Id.* at 423-24 n. 6,7.[3]

---

[3] Notably, both the *Cain* and *Gould* courts addressed the question whether the Attorney General had good cause to dispense with both notice and comment as well as the thirty-day waiting period under the APA. The *Gould* court seems to conflate the good cause analysis with regards to these two separate procedural requirements. The *Cain* court, on the other hand, acknowledged that the good cause exception operated differently with respect to these two requirements, and concluded that the Attorney General did not show good cause as to either. It is not completely clear from Defendant's pleadings whether he challenges the Attorney General's actions under both notice and comment and the thirty-day waiting period, or only notice and comment. Defendant's initial paragraph states only that the Attorney General "failed to comply with notice and comment requirements, " (Def. Mot. at 1). The brief then goes on to discuss the notice and comment good cause standard under 5 U.S.C. Section 553(b), but states that this standard applies to both notice and comment and the "thirty-day requirement." (Def. Mot. at 4.) This Court will therefore assume

IV.    APPLICATION AND ANLYSIS

Both the government as well as Defendant point out to this Court that, unlike in *Cain*,  the Defendant in this case failed to register during a period of time more than thirty days after the Regulation was promulgated, and well after  notice and comment had been allowed and the final SONA guidelines had been issued. As such, the government argues that the "Sixth Circuit ruling does not apply to the time period set out in the chronology of this case." (Def. Resp., Doc. No. 33, at 4.) The government further argues that, because *Cain* does not apply to the time period at issue in this case, namely a time well outside the APA's rulemaking procedures, *Gould*'s holding that there was no flaw in the regulatory scheme should govern.

While *Cain* makes it clear that its holding may not apply to those indicted under SORNA for a period of time more than thirty days after issuance of the Regulation and after notice and comment, the court is notably unspecific as to how this precise issue of chronology factored into its conclusion. There are two ways in which the time period of the alleged failure to register could become relevant to the purely legal question of whether the Attorney General had good cause to issue the Regulation on an emergency basis. First, it could be relevant to the issue of whether Defendant has standing to challenge the Regulation under the APA thirty-day waiting period and notice and comment requirements, when his violation took place after a notice and comment period had been allowed. In other words, if the failure to register occurred after notice and comment had been allowed and more than thirty days from the contested Regulation, a defendant can perhaps show no injury from the unlawful Regulation that would confer

that Defendant wishes to challenge the Attorney General's actions as to both, although they are not clearly parsed out in his Motion or in the government's Response.

6

standing to bring an action under the APA, because the statutory requirements had been observed vis-à-vis the final SORNA guidelines. That is, no harm was created by the government's failure to observe proper APA procedures, because the only harm that could have resulted was mitigated by the post-promulgation notice and comment. *See, e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-62 (2010) (noting that standing requires an "injury in fact" and that a challenge to government action or inaction requires a showing that the challenger was directly injured from the action or forgone action). Second, an alternative way to frame the relevance of the time period in the indictment could be that, although under *Cain* the Regulation was invalid as promulgated on February 28, 2007, its invalidity was nullified after the thirty-day notice period had expired and notice and comment had been allowed, and certainly after the subsequent issuance of the unarguably lawful guidelines published on July 28, 2008.

No matter under which framework, however, it seems both principled and logical to this Court that the time period specified in the indictment should be material to the Defendant's ability to challenge the Regulation, because the alleged procedural deficiencies of its original enactment were eventually addressed and cured. Accordingly, this Court holds that a determination of whether the Regulation falls under the good cause exceptions to both the thirty-day waiting period and notice and comment under the APA is neither necessary nor germane to this Defendant, because the period of his indictment falls well after the issuance of the procedurally valid final SORNA regulations. Therefore, we need not reach the precise issue on which the Circuits conflict, namely whether the Attorney General had good cause to issue an emergency Regulation. In the view of this Court, this determination is implicated only in those cases wherein a

defendant is indicted within the Regulation thirty-day notice period, or before notice and comment was allowed.[4]

The Court therefore rejects Defendant's challenge to the retroactive application of SORNA, because the timing of Defendant's alleged offense deprives him of standing to challenge the Regulation, or, alternatively, because, at the time that Defendant committed this alleged offense, the Attorney General had observed APA notice and comment requirements and issued valid regulations that made SORNA retroactively applicable. Defendant's Motion must accordingly be denied.

## IV.    CONCLUSION

For the afore-mentioned reasons, the Defendant' Motion to Dismiss this indictment (Doc. No. 30) is hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 2nd day of March, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[4] The *Cain* court was presented with a defendant who was indicted for a period of time within the thirty-day notice period, and was therefore squarely faced with the issue of whether the Regulation was validly promulgated under both the thirty-day waiting period and notice and comment requirements of the APA. It is slightly less clear whether the *Gould* court, which reached the good cause question and came to the opposite conclusion, considered timing and chronology in its holding. While the *Gould* court explicitly recognized that "the Attorney General did provide for and receive post-promulgation public comments" that were addressed in the final guidelines, the court seems to consider this as only a factor in its good cause analysis, rather than as an issue that might make good cause analysis unnecessary. *Gould*, 568 F.3d at 469-70. Nonetheless it appears that the *Gould* defendant was indicted for a time period between August 2006 and July 2007, that is, before notice and comment had concluded, and before the final national guidelines were issued. Thus, this Court's decision not to reach the good cause question is consistent with *Gould* and *Cain*, both of which were presented with a chronology very different from the one here.